## ERICKSON v. CHILDS.

No. 2073. Decided April 27, 1910 (108 Pac. 1108).

APPEAL AND ERROR—REVIEW—EVIDENCE TO SUSTAIN FINDINGS.—Where findings for either party would have been supported by some substantial evidence, the Supreme Court cannot interfere with the judgment below on the sole ground that the findings are not supported by any substantial evidence. (Page 409.)

Appeal from District Court, Seventh District; *Hon. J. F. Chidester,* Judge.

Action by L. H. Erickson against Moroni Childs.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Lewis Larson* for appellant.

*Christenson & Woolley* for respondent.

FRICK, J.

Respondent brought this action to recover damages for trespass alleged to have been committed by appellant's cattle by eating and destroying respondent's lucern, which had been cut for seed, and while in the stack on respondent's land. Appellant's defense consisted of a general denial.   Respondent had alleged his ownership of the lucern and the value thereof; that appellant's cattle had trespassed on respondent's land and had caused the alleged damages.   At the trial respondent adduced some evidence, direct and inferential, in support of every material allegation of his complaint, and the appellant also adduced evidence which, if believed, would constitute a complete defense to respondent's cause of action.   The evidence was submitted to the court without a jury.   Upon consideration of all the evidence, the court found the issues in favor of respondent, and entered judgment accordingly.   Appellant caused the evidence adduced at the trial to be preserved in a bill of exceptions, and now presents the same, together with the judgment, to this court for review on appeal.

The only error assigned and argued by counsel for appellant is that the evidence is insufficient to sustain the findings of the court in certain particulars, which are duly specified. In this contention we cannot agree with counsel.   While counsel was not required to raise the question of law, he now raises by a motion for a nonsuit; and, while he has

forfeited no legal rights by not presenting it in that form, yet, if he had raised it when respondent rested his case, the court, in view of the evidence, would not have been justified in granting the motion, and, if we view the case in the light of the evidence in support of respondent's contention alone, then respondent's case, by reason of some admissions made by appellant at the trial, was as strong, if not stronger, when appellant rested as it was when respondent rested. It would subserve no good purpose, nor be of any material benefit either to the parties to this action, or to any one else, for us to set forth the evidence pro and con, or to assign special reasons why we think there is ample evidence, direct and inferential, to support the court's findings and judgment. It may be conceded that if the trial court had believed all that appellant and his witnesses testified to that the findings should have been in his favor, but it must also be conceded that it was the province of the trial court to determine and say upon what side, in view of all the circumstances, the weight of the evidence preponderated.

After a careful reading of all the evidence contained in the bill of exceptions, the conclusion is forced upon us that the record presents a case where findings for either party would have been supported by some substantial evidence, and, in view of this, we cannot interfere upon the sole ground that the findings are not supported by any substantial evidence, and that hence the judgment is erroneous.

The judgment, therefore, should be, and it accordingly is, affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.